```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

| | |
|---|---|
| **ANTHONY MARBURY-EL,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO.: 17-00219-WS-B |
| | * |
| T. KEMP, *et al*., | * |
| | * |
| Defendants. | * |

### REPORT AND RECOMMENDATION

Plaintiff Anthony Marbury-EL, an Alabama prison inmate, filed a complaint seeking relief under 42 U.S.C. § 1983. (Doc. 1). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R) for appropriate action.

On May 18, 2017, the court issued an order directing Plaintiff to file his complaint on the complaint form required by this Court for 1983 prisoner actions by June 19, 2017. (Doc. 2). Plaintiff was also directed to pay the statutory filing fee or file a motion to proceed without prepayment of fees by June 19, 2017. (Id.). On May 25, 2017, Plaintiff filed a handwritten complaint which again was not on the form required by this Court. Although Plaintiff has been provided with a copy of the form to be utilized, he has not filed his complaint on the court form as directed. He has also failed to

pay the statutory filing fee or file a motion to proceed without prepayment of fees in compliance with the Court's directive. Further, Plaintiff's copy of the Court's order dated May 18, 2017 (doc. 2) has not been returned to the Court.

Due to Plaintiff's failure to comply with the Court's order dated May 18, 2017 (doc. 3), and upon consideration of the alternatives available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Ballard v. Carlson, 882 F. 2d 93 (4th Cir. 1989), cert. denied, Ballard v. Volunteers of America, 493 U.S. 1084, 110 S. Ct. 1145, 107 L. Ed. 2d 1049 (1990); Mingo v. Sugar Cane Growers Co-op, 864 F. 2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F. 2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F. 2d 1457, 1458 (11th Cir. 1983); accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction; Malautea v. Suzuki Motor Co., 987 F. 2d 1536, 1545-46

(11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993).

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P.** 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the

briefing before the Magistrate Judge is not specific.

**DONE** this **3rd** day of **July, 2017.**

                                                     **/S/SONJA F. BIVINS**
                                         **UNITED STATES MAGISTRATE JUDGE**